# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * *
PAUL A. VISCONTINI,

                Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                Respondent.

* * * * * * * * * * * * * * * * * * * * * * * *

No. 98-619V
Special Master Christian J. Moran

Filed: February 12, 2013

Attorneys' fees and costs; award in the amount to which respondent has not objected.

Clifford J. Shoemaker, Shoemaker & Associates, Vienna, VA, for Petitioner;
Lisa A. Watts, U.S. Department of Justice, Washington, D.C., for Respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

Petitioner Paul Viscontini alleged that the hepatitis B vaccine caused him to develop Crohn's disease. Petition, filed July 29, 1998. In support of this claim, petitioner filed reports from two doctors, Dr. Bellanti and Dr. Solny. Both doctors testified at a hearing. However, their opinions were not credited as persuasive and petitioner was not awarded compensation. Decision, 2011 WL 5842577 (Oct. 21, 2011). A motion for review was also denied. 103 Fed. Cl. 600 (2012).

Although petitioner did not receive compensation, he remains eligible for an award of reasonable attorneys' fees and costs provided that his petition was filed in good faith and with a reasonable basis. 42 U.S.C. § 300aa—15(e). Petitioner's prosecution of this action, including his filing of reports from doctors expressing the opinion that the hepatitis B vaccine caused his Crohn's disease, satisfies these criteria. See Woods v. Sec'y of Health & Human Servs., 105 Fed. Cl. 148, 153 (2012).

Petitioner filed an application for attorneys' fees and costs on January 30, 2013. Thereafter the parties entered into negotiations regarding the amount of attorneys' fees and costs.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

After discussions, petitioner now seeks $114,052.49 in attorneys' fees and costs. Specifically, petitioner seeks $74,288.22 in attorneys' fees and 38,816.69 in costs. Additionally, petitioner personally incurred costs of $947.58 in pursuing his petition. This amount is reasonable.

After reviewing the request, the court awards the following:

A. **A lump sum payment of 113,104.91 in the form of a check payable jointly to petitioner and petitioner's attorney, Clifford J. Shoemaker, for attorneys' fees and costs available under 42 U.S.C. § 300aa—15(e); and**

B. **A lump sum payment of $947.58 in the form of a check payable to petitioner, Paul A. Viscontini, for personal costs incurred in pursuit of his petition.**

The court thanks the parties for their cooperative efforts in resolving this matter. The Clerk shall enter judgment accordingly.[2]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.